## Harry Ferriman et al. v. The People of the State of Illinois.

1. CONTEMPT—*when attachment for failure to obey subpoena, proper.* An attachment for contempt for failure to obey a subpoena is proper, without information, affidavit or interrogatories filed preliminary thereto, where the contempt in question was direct.

·2. JUDICIAL NOTICE—*of what taken.* The court takes judicial notice of its own orders and actions in the matter out of which the alleged contempt arises, and of the facts constituting the contempt where the contempt was committed in its presence.

3. CONTEMPT—*what is a direct.* A direct contempt of court is the doing of any improper act in the presence of the court while in session, tending directly to disturb the proceedings or to defeat, disturb or impair the administration of justice, or the refusal to do any improper act required to be done in open court in the presence of the court, where such refusal directly tends to disturb the proceedings, or to defeat, disturb or impair the administration of justice.

4. GRAND JURY—*court may compel obedience of subpoena to appear before.* It is within the power of a court presiding over the sessions of a grand jury to compel witnesses to appear before such body, and, upon their failing so to do, to punish them for contempt.

Ferriman v. The People.

5. SHERIFF—*question of right to serve subpoena.* A sheriff may serve a subpoena in any county of the state.

6. SUBPOENAS—*how service is shown.* The return of the sheriff indorsed upon a subpoena may *prima facie* establish the fact of service.

Contempt proceedings. Error to the Circuit Court of Richland county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

JOHN LYNCH, JR., for plaintiffs in error.

R. S. ROWLAND, State's Attorney, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

Plaintiffs in error were subpoenaed to appear forthwith before the grand jury of the Circuit Court of Richland county then in session, to give evidence in behalf of the People of the State of Illinois concerning all such matters and things as might be asked of them by the grand jury. They failed to appear, were attached for contempt of court, and fined in the sum of $25 each.

The Circuit Court of Richland county was in session with a grand jury at its regular April term, 1905, and of the 18th day of April, being the second day of the term, the following subpoena was issued:

"STATE OF ILLINOIS, }
County of Richland, } ss.

*The People of the State of Illinois to the Sheriff of said county—Greeting:*

We command you to summon Harry Ferriman and John Fahs to appear forthwith before the grand jury, now sitting, then and there to give evidence in behalf of the People of the State of Illinois concerning all such matters and things as may be asked or required of them by the grand jury aforesaid, and of this writ make legal service and due return.

Witness A. Kaufman, clerk of said court, at Olney, this 18th day of April, in the year of our Lord 1905.

[SEAL]     A. KAUFMAN, Clerk.''

On the back of this subpoena the sheriff made the the following return:

''I have served the within writ by reading the same to the within named Harry Ferriman and John Fahs, this 19th day of April, 1905, as I am therein commanded.

W. C. SHAKE, Sheriff,

By HARVEY J. ELLIOTT,

Deputy Sheriff.''

Plaintiffs in error did not appear in obedience to the subpoena, and on the 21st day of April an attachment issued, which was returned on the 25th, ''not found,'' and on the 28th an alias writ of attachment was issued as follows:

''STATE OF ILLINOIS, ⎫ ss.
County of Richland, ⎭

*The People of the State of Illinois to the Sheriff of said county—Greeting:*

We command you to summon Harry Ferriman and John Fahs and them safely keep, so that you may have their bodies forthwith brought before the Circuit Court of Richland county, at the November term to be holden at Olney, Illinois, in said county, to answer the People of the State of Illinois, for a contempt of court in not attending said court as a witness before the grand jury empaneled at April term of Circuit Court, after having been duly served with process. And have you then and there this writ.

Witness, A. Kaufman, clerk of said court and the seal thereof, at Olney, Illinois, in said county, this 28th day of April, A. D. 1905.

[SEAL]     A. KAUFMAN, Clerk.''

Bail was indorsed on this writ in the sum of $100. This writ was duly executed.

At the November term plaintiffs in error appeared in open court, accompanied by counsel, and moved the court to dismiss the proceedings and release them from the attachment, because no information supported by affidavit, or affidavit containing charges against them, or interrogatories had been filed against them. The court denied this motion, and counsel assign this ruling of the court as error.

It was not necessary in this case that any information, affidavit or interrogatories be filed. The court took judicial notice of the subpoena and the return of the sheriff thereon, and had personal cognizance of the fact that plaintiffs in error had failed to appear in court in obedience to its command. This established *prima facie* contempt of court on the part of plaintiffs in error; and the court, moved by its duty, issued the writ of attachment. The writ fully disclosed and apprised plaintiffs in error of the nature and character of the charge against them, and the rule afterwards entered against them "to show cause," afforded them ample "opportunity to be heard in their own defense." This is all the law requires in cases of this class of contempt.

The court takes judicial notice of its own orders or actions in the matter out of which the alleged contempt arose, and of the facts constituting the contempt where the contempt was committed in its presence. Encyclopedia of Evidence, vol. 3, page 442.

The court is present in every part of the place set apart for its use and for the use of its officers, jurors, and witnesses. Cyc., vol. 9, page 19. The grand jury is a part of the court. It is merely an appendage of the court. Underhill on Criminal Evidence, sec. 29; Rapalje on Contempts, sec. 67.

This case is one species of direct contempt, and in such cases no information, affidavit, or interrogatories are ever necessary to be filed. Cyc., vol. 9, page 37. The procedure in this species of direct contempt differs from the most summary procedure in such cases, only

in the fact that the alleged contemner must be afforded opportunity to be heard in his own defense, before he can be punished. This is usually done by entering a rule against him after he is brought into court on the attachment writ, to show cause why he should not be punished for contempt of court in failing to obey the subpoena, specifying it. He may answer this rule under oath, either orally or in writing, as he chooses; and the proceeding, being in the nature of a criminal contempt, his answer must be accepted and acted upon as true, except in so far as it may contradict the records of the court, or the facts that transpired in the presence of the court. The contemner will not be allowed to contradict the court's knowledge of any fact occurring in the presence of the court. Encyclopedia of Evidence, vol. 3, page 446 (b).

There are almost or quite as many definitions of *"direct contempt"* as there are authors who have written upon the subject of contempt. None of these definitions are all comprehensive, nor do any of them assume to be so. From them all, and from the application the courts have made of the distinction, we frame the following as correct and sufficiently comprehensive for the purposes of this case. A direct contempt of court is the doing of any improper act in the presence of the court while in session, tending to directly disturb the proceedings or to defeat, obstruct or impair the administration of justice, or the refusal to do any proper act required to be done in open court, in the presence of the court, where such refusal directly tends to disturb the proceedings or to defeat, obstruct or impair the administration of justice.

Plaintiffs in error had been legally subpoenaed, and it was their proper duty to appear before the grand jury, part of the court, and within the meaning of the law in the presence of the court, and they refused. This was one of the very numerous species of direct contempt of court. Bishop in his new Criminal Law so classifies it, in vol. 2, 8th edition, secs. 252 and 253;

and we have seen no text or case that specifically classifies it otherwise. We have before us the original record in the case of O'Hair v. The People of the State of Illinois, reported in 32 Ill. App. 277, a case in all material respects as to this feature of it the same as the case at bar, and we find the entire proceeding there was upon both the theory and practice of direct contempt. And further, it is within the common knowledge of all our judges and lawyers, that from the time that courts were first organized in this state to the present time, the general practice has been to treat the refusal of one to obey a proper subpoena to appear as a witness in court as a species of direct contempt of court and to proceed against him in a *quasi*-summary manner.

A number of things were done in this case which were wholly unnecessary and not noted above, but none of them did or could in any way prejudice the rights of plaintiffs in error. And upon the fifth day of December, being one of the judicial days of the November term, plaintiffs in error appeared in court, accompanied by counsel, and were ruled by the court to show cause why they should not be punished for contempt of court in failing to obey the specified subpoena. And they presented to the court their sworn answer.

In their answer they admit that they were subpoenaed and that they failed to appear, and they set up no justification, in the facts, nor excuse, in the facts, for not appearing, but raise a number of questions as to the law. Such of these as we have not above discussed we will give attention to further on in this opinion.

Where a witness has been duly subpoenaed he is bound to make extraordinary effort to attend. No inconvenience to the witness incident to his attendance will justify his absence. His justification or excuse, in the facts, must be serious and substantial, and such as the court may hold to be reasonable under all the surrounding facts and conditions. Whether the state of the facts disclosed in the answer will be accepted as

sufficient justification or excuse for the witness's failure to obey the subpoena, rests largely in the judicial discretion of the court, and this discretion will not be reviewed, unless it clearly appears to have been abused.

Counsel for plaintiffs in error contend that the subpoena was void, because the court had no power to subpoena or compel a witness to appear before the grand jury. The great weight of authority is against counsel's position, and the question is settled in this state by the universal practice of our courts concurrent with all the legislation upon the subject of courts, grand juries, and procedure, both prior to and ever since the adoption of our Constitution, from the beginning; and in O'Hair v. The People, 32 Ill. App. 277, the plaintiff in error was punished for contempt of court, in refusing to obey a subpoena to appear before the grand jury.

Plaintiffs in error set up in their answer that they were not served in Richland county, but that they were in Sangamon county at the time the subpoena was served on them; and their counsel insists that the sheriff of Richland county had no authority to serve a subpoena outside of Richland county. We are of opinion that while he could not have been compelled to go outside of his county to serve it, he might lawfully do so and serve it anywhere in this state, although he could not charge mileage beyond the county line. The subpoena was directed to him and authorized him to summon plaintiffs in error to appear as witnesses. The authority or command to the sheriff was general and unlimited, as will appear from an inspection of the subpoena above quoted. It did not contain the limitation, "if they be found in your county," and being a subpoena, it need not contain it. A sheriff may lawfully serve such a subpoena anywhere in the state, and he may do this in person or by deputy, exactly the same as if served in his own county. And his return is evidence of the service in the court that issued the

subpoena. In this case, however, evidence of service, whether by affidavit or by return, is wholly immaterial, for plaintiffs in error admitted in their sworn answer that the subpoena was in fact served upon them. "A witness is bound to obey a subpoena whenever it comes to him; no matter whether served by an officer or a person not an officer, or if sent by mail." The Chicago & Alton Railroad Company v. Dunning, 19 Ill. 494.

Counsel for plaintiffs in error insist that the court erred in admitting evidence on the part of defendant in error, upon the hearing in the Circuit Court. He insists that this proceeding is upon a charge of criminal contempt and that in such case the issues of fact must be decided upon the sworn answer of the alleged contemner alone. This position is sound, except as to the limitations stated in another part of this opinion, but in this case no evidence was either tendered or admitted on the hearing, except that the state's attorney offered to the court the various papers on file in the case. Of these the court would take judicial knowledge, in this character of the case. It was at most only calling to the mind of the court facts that the court already judicially knew and had taken cognizance of as they occurred; and further, the sworn answer alone of plaintiffs in error conclusively establishes their guilt. By it the question of their guilt is put beyond the domain of dispute.

The judgment of the Circuit Court is affirmed.

*Affirmed.*