**People of the State of Illinois, Defendant in Error, v. W. A. Cochran, Plaintiff in Error.**

CONTEMPT—*what requires discharge of contemnor.* If the contemnor charged with a criminal contempt can clear himself upon his own oath, he must be discharged; if he commits perjury by his answer the remedy is to prosecute him for that offense.

Proceeding for contempt. Error to the County Court of Lawrence county; the Hon. JASPER A. BENSON, Judge, presiding. Heard in this court at the August term, 1908. Reversed. Opinion filed June 15, 1909.

NOAH M. TOHILL, for plaintiff in error.

THOMAS H. CUNNINGHAM, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a proceeding instituted by the state's attorney of Lawrence county, against G. A. Vandament, sheriff, and plaintiff in error, deputy sheriff, charging them with contempt of court in refusing to serve a search warrant.

When the case came on for trial each of the accused filed his answer under oath, fully purging himself of the contempt charged. Upon motion of the state's attorney these answers were stricken from the files. Plaintiff in error elected to stand by his sworn answer and refused to join in the taking of other evidence. The court heard oral testimony of witnesses produced on behalf of the state and found the plaintiff in error guilty, and imposed a fine upon him.

We agree with the state's attorney in his statement: "There is but one point to be considered by the court in this case, and that is, did the trial court err in striking the answer of plaintiff in error from the files and proceeding to hear oral testimony?"

ₜ This was a proceeding for criminal contempt. In such proceedings, except where the contempt is committed in the presence of the court and in cases where the answer contradicts the records of the court, if the contemnor's sworn answer is sufficient to acquit him, he must stand acquitted. If the contemnor can clear himself upon his own oath, he must be discharged. If he commits perjury by his answer, the remedy is to prosecute him for perjury. Ferriman v. The People, 128 Ill. App. 230 (234); Baird v. The People, 134 Ill. App. 433; Oster v. The People, 192 Ill. 473 (479).

It is not contended in the case at bar that plaintiff in error's answer was not sufficient to acquit him. The trial court erred in striking his answer from the files and in proceeding to hear oral testimony, and in finding him guilty and imposing a fine upon him.

For the above noted errors, the judgment of the County Court is reversed.

*Reversed.*