RUTHLYNN SCHMOLL, Plaintiff, *v*. PAUL A. BRAY, II *et al.*, Defendants.— (THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. DONALD S. MILLER, Respondent-Appellant.)

Fourth District No. 14676

Opinion filed June 9, 1978.—Rehearing denied July 26, 1978.

James E. Harrington and John J. Naughton, both of Chicago, for appellant.

No appearance for the People.

Charles L. Palmer, of Champaign, for *amicus curiae*.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The respondent-appellant, Donald S. Miller, was adjudged to be in contempt of the circuit court of Champaign County by reason of his failure to appear pursuant to a subpoena. Having issued a rule to show

cause and following a bench trial, the court entered a finding of contempt and fined respondent $1,000. He appeals. We affirm.

This matter arises from an underlying personal injury suit filed in Champaign County. The respondent, an orthopedic physician of Chicago, treated the plaintiff, and his testimony was in connection with the personal injury suit. Dr. Miller was subpoenaed initially on March 8, 1976, to appear on March 10, 1976, in the Champaign County circuit court trial. The subpoena was issued after prior conversations with reference to the date. Dr. Miller's office advised the plaintiff's attorney by correspondence dated March 8, that the doctor would not be available for the March 10 trial setting. The date was rescheduled. Dr. Miller sent a bill to the plaintiff's attorney indicating that his fee for testifying in the personal injury case would be $2,500.

On March 18, 1976, a second subpoena was issued and served commanding the doctor to appear on April 5, 1976. The case was again continued and the doctor was so advised by the plaintiff's attorney by correspondence dated April 2. The correspondence appears to have confirmed a telephone message of the same date. Dr. Miller, in that letter, was informed of a new date and time schedule for trial, to wit: May 3, 1976, and that his subpoena was still valid and his presence would be expected.

Dr. Miller's assistant responded that the doctor would be unavailable between May 3 and May 15 due to his surgical and medical schedule. An evidentiary deposition or video taping was suggested as an alternative to personal appearance. The plaintiff's attorney responded to that correspondence and suggested a date of April 28, 1976, for a conference and an evidence deposition. The plaintiff's attorney further indicated that, if such could be agreed to, a discharge could be obtained for the subpoena previously issued. Although some effort was made by Dr. Miller or his staff to contact counsel, plaintiff's attorney was not contacted until April 16, 1976. The April 28 date was agreeable for a conference and evidentiary deposition but Dr. Miller's staff indicated that the doctor's fee would be $100 for the conference and $450 for the evidentiary deposition, with $150 to be retained in the event of settlement.

Plaintiff's attorney continued the communication back and forth advising that the doctor's response had been so late in coming that it was not feasible to make the required arrangements and further that the doctor's financial demands were considered unreasonable. Plaintiff's attorney again stated that the doctor would be required to comply with the subpoena and appear in Champaign County on May 3, 1976.

The doctor was served with another subpoena on April 30, again commanding his appearance on May 3, 9:30 a.m., in the circuit court of

Champaign County. Thereafter, the respondent personally prepared a document entitled "Affidavit of Dr. Donald S. Miller" wherein he recited some of the foregoing chronology. In his affidavit he made some eight assertions, several of which appear to be in conflict with his testimony in this case. On May 3, 1976, when the doctor did not appear for the trial in Champaign County, a body attachment was issued. Thereafter the doctor's attorney procured the dismissal of the body attachment upon the representation that the doctor would appear. A rule to show cause initiating this contempt proceeding was issued on May 4, 1976.

The respondent, upon this appeal, asserts that the proceedings below were "fundamentally erroneous." He also contends that the court below abused its discretion in finding him in contempt of court.

The brief of the respondent makes reference to and in some respects relies upon the "Standards of Practice Governing the Relationship Between Lawyers and Physicians," standards that are apparently approved by both the Chicago Medical Society and the Chicago Bar Association. The paragraph of the standards as quoted in the brief reads:

> "A physician should attend court at the time appointed. The lawyer should appreciate, however, that a physician has continuing and often unpredictable responsibilities to his patients. Insofar as he is able, the lawyer should make arrangements to permit the physician to testify with a minimum of inconvenience and delay to him."

We recognize that difficulty often attends the interrelationship of lawyer and doctor with reference to the trial of cases involving medical testimony. We find nothing in this record to suggest that there was anything "fundamentally erroneous" in the trial court procedures here. Certainly the fundamentals of due process were afforded the respondent.

The finding of the trial court that the respondent was in contempt is amply supported by this record. Long ago, in *Ferriman v. People* (1906), 128 Ill. App. 230, 235-36, the court observed:

> "Where a witness has been duly subpoenaed he is bound to make extraordinary effort to attend. No inconvenience to the witness incident to his attendance will justify his absence. His justification or excuse, in the facts, must be serious and substantial, and such as the court may hold to be reasonable under all the surrounding facts and conditions. Whether the state of the facts disclosed in the answer will be accepted as sufficient justification or excuse for the witness's failure to obey the subpoena, rests largely in the judicial discretion of the court, and this discretion will not be reviewed, unless it clearly appears to have been abused."

As we have indicated, we are aware of the difficulty in accommodating trial schedules and the schedules of physicians who must appear as

witnesses in the trial of cases. The infrequency of litigation with reference to the issue is a tribute to the successful resolution of the often conflicting time demands. This record reflects that the effort to resolve the conflict, and we might say to settle upon the doctor's witness fees, was unsuccessful. The respondent apparently chose, at his peril, to ignore a subpoena issued by a court of competent jurisdiction. His action was contemptuous and the order so adjudicating and the fine imposed thereon are affirmed.

Judgment affirmed.

MILLS, P. J., and TRAPP, J., concur.